IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FILED
FEB - 8 2006
J.T. NOBLIN, CLERK
BY_____ DEPUTY

**MARYLAND SINGLETON**                                            **PLAINTIFF**

VS.                                                    CAUSE NO: 3:06CV79HTW JCS

**THE CITY OF JACKSON, A MUNICIPAL CORPORATION**
by and through its Chief Executive Officer,
**MAYOR FRANK MELTON, and the POLICE CHIEF,**
**SHIRLENE ANDERSON** in her official capacity
and **JOHN DOES 1-25**                                  **DEFENDANTS**

---

**COMPLAINT**
(Jury Trial Requested)

---

**COMES NOW**, the Plaintiff, Maryland Singleton, by and through counsel, and files this his Complaint against the Defendants, and hereby demands a jury trial in this action and, in support thereof, would respectfully show unto the Court the following, to-wit:

1.

That the Plaintiff, Maryland Singleton, is an adult resident citizen of Hinds County, Mississippi.

2.

a. The City of Jackson is a Municipal Corporation under the laws of the State of Mississippi, a public entity, and can be served with process through its Chief Executive Officer, Mayor Frank Melton.

b. Police Chief Shirlene Anderson is the officer and director of the police force of the City of Jackson and serves at the pleasure of the Mayor and the City Counsel and is responsible for designing and devising policies for training, enforcement, and developing policies regarding arrests,

search, seizure, use of force and other policies of the City of Jackson Police Department and can be served with process through her office at the City of Jackson Police Department.

3.

Venue is proper because all acts or omissions occurred or accrued in Hinds County, Mississippi.

4.

John Does 1-25 are liable to the Plaintiff to the same extent as the named Defendant. Although the Plaintiff has been diligent in his efforts to determine the exact identity of the John Doe Defendants, he has been unable to so determine their identity. They will be served with process upon discovery of their identity.

5.

On or about the evening of February 11, 2005, Maryland Singleton was arrested by the Jackson Police Department for the charges of Speeding and Driving Under the Influence, first offense.

6.

Maryland Singleton was transported to the downtown jail facility of the Jackson Police Department and placed alone in a cell.

7.

Maryland Singleton was placed in the cell while he was still wearing his personal clothing which entailed overalls with a front pocket where his cell phone was contained.

8.

After being placed in the cell, Maryland Singleton took out his cell phone and placed a call to his mother to tell her that he had been arrested.

9.

While he was talking on his cell phone, one of the jailers observed Mr. Singleton and yelled at him saying that he was not allowed to use that in the jail.

10.

At that point, two jailers approached Mr. Singleton's cell to confiscate the cell phone. One of the jailers pushed forward a bag into which he wanted Mr. Singleton to place the cell phone. As Mr. Singleton attempted to place the cell phone in the bag, the other jailer, without provocation or justification, savagely punched Mr. Singleton in the face.

11.

After the assault, a dazed and bleeding Mr. Singleton was manhandled and further assaulted by the guards who attempted to forcibly remove Mr. Singleton's clothes and shoes. The guards handcuffed and shackled Mr. Singleton at this point.

12.

All or some of the aforementioned acts were recorded on video. A copy of the videotape is in the possession of the Internal Affairs Division of the Jackson Police Department.

13.

After Mr. Singleton was handcuffed and shackled, several guards led him down the hall into another cell in which the lights were off. Mr. Singleton was thrown to the ground and one of the guards savagely punched him in the face, jaw and nose repeatedly while three other guards looked on. At one point, one of the guards yelled for the assault to stop.

14.

Mr. Singleton lost consciousness and was left in a pool of blood on the floor of the cell.

15.

A bleeding and severely injured Mr. Singleton began yelling for someone to help him and render some medical assistance. His please were to no avail. Mr. Singleton, desperate for help, placed a paper cup in the toilet and flushed the toilet to overflow it in hopes that someone would come to help him.

16.

Guards finally came to Mr. Singleton's cell where they proceeded to push Mr. Singleton onto the floor into the dirty water. The guards then yanked him to his feet and took him up to the front of the jail.

17.

A handcuffed, severely injured and still bleeding Mr. Singleton was placed on a bench while four guards conversed amongst themselves about what to do with Mr. Singleton. The guards finally decided to transport Mr. Singleton to University Medical Center.

18.

Mr. Singleton was transported to University Medical Center where he was diagnosed with a closed fracture of the malar bones, a closed fracture of the maxillary bones, a closed fracture of the nasal bones, and required ten (10) stitches to close a gash in his forehead.

19.

After obtaining treatment at University Medical Center, Mr. Singleton was transported back to the Jail where he waited for his initial appearance in the Jackson Municipal Court. Mr. Singleton was taken to the Jackson Municipal Court, appeared before the Judge, and was ordered released on his own recognizance.

20.

Mr. Singleton was transported back to the jail and was taken to the front office where he was met by Sergeant Barlow and several other Jackson Police Department representatives. These persons asked Mr. Singleton what had happened to him and Mr. Singleton proceeded to detail how he was beaten by the guards. A videotape of the initial assault was then played in the presence of Sergeant Barlow and the other officers, and this videotape showed the unprovocated initial attack on Mr. Singleton.

21.

Mr. Singleton was released from the jail, called his mother on his cell phone, and was taken to Baptist Hospital for treatment.

22.

The Defendants, John Does 1-25 were duly appointed law enforcement officers/jailers of the City of Jackson, Mississippi. As such, each John Doe was a duly appointed agent authorized to enforce the laws of the City of Jackson and the State of Mississippi and was so acting under color of law of the at all times relevant to this action.

23.

At all times relevant and material, the Defendants, John Does 1-25, were wearing the standard uniform of a City of Jackson jailer.

24.

That as a direct and proximate result of the intentional and/or careless and/or negligent acts of the Defendants, the Plaintiff was beaten and abused without probable cause or provocation.

25.

As a direct and proximate result of the aforesaid, the Plaintiff, Maryland Singleton, suffered

injuries of a personal and pecuniary nature, including but not limited to, medical expenses, loss of earnings, pain and suffering, permanent scarring, and physical and emotional trauma which are all permanent in nature.

26.

That after his arrest, the Plaintiff did nothing illegal and all acts were caused by the Defendants without justification.

27.

The Plaintiff has met all jurisdictional prerequisites and notice requirements under the laws of the State of Mississippi, the Mississippi Tort Claims Act and under 42 U.S.C. §1983 et seq.

## COUNT 1

28.

The Plaintiff reasserts and realleges and incorporates by reference all allegations contained in the previous paragraphs as if fully set forth herein.

29.

This Cause of Action is brought by the Plaintiff against the Defendants for Assault and Battery.

30.

That as a direct, immediate and proximate result of the intentional acts and/or other acts of negligence on the part of the Defendants herein, Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT 2

31.

The Plaintiff reasserts and realleges and incorporates by reference all allegations contained in the previous paragraphs as if fully set forth herein.

32.

This Cause of Action is brought by the Plaintiff against the Defendants mentioned herein for their negligent and wrongful acts, including negligent handling of the Plaintiff's person.

33.

That as a direct, immediate and proximate result of the intentional acts and/or other acts of negligence on the part of the Defendants herein, Plaintiff, Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT 3

34.

The Plaintiff reasserts and realleges and incorporates by reference all allegations contained in the previous paragraphs as if fully set forth herein.

35.

This Cause of Action is brought against the Defendants herein for their acts of grossly negligent and reckless acts, including but not limited to pushing the Plaintiff to the ground and striking the Plaintiff about the head and face.

36.

That as a direct, immediate and proximate result of the intentional acts and/or other acts of

negligence on the part of the Defendants herein, Plaintiff, Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT 4

37.

The Plaintiff repeats and realleges an incorporates by reference all allegations contained in the previous paragraphs as fully set forth herein.

38.

This cause of action is brought by the Plaintiff by the Defendants for deprivation of constitutional rights within the meaning of 42 U.S.C. Section 1983.

39.

The above described actions subjected the Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States, including the due process clause of the fourteenth amendment to the Constitution of the United States, within the meaning of 42 U.S.C. Section 1983.

40.

As a direct, immediate and approximate result of the above-mention unconstitutional acts of the Defendants, the Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

**COUNT 5**

41.

Plaintiff reasserts and realleges an incorporates by reference all allegation contained in the previous paragraphs a fully set forth herein.

42.

This cause of action is brought by the Plaintiff against the Defendants for interference of constitutional and statutory rights within the meaning of the Constitution of the state of Mississippi and the statutory provisions of the City of Jackson, Mississippi.

43.

The above described actions interfere with the Plaintiffs exercise of enjoyment of his right secured by the Constitution and laws of the state of Mississippi, and particularly within the meaning of the rights to be free from from deprivation of life, limb or property and the right to be free from punishment without the requirement for due process within the Constitution of the state of Mississippi.

44.

As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of the Defendants, the Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

**COUNT 6**

45.

Plaintiff reasserts and realleges an incorporates by reference all allegation contained in the previous paragraphs a fully set forth herein.

46.

The above described actions by the Defendants, John Does 1-25, resulted from the carelessness and negligence of the Defendants, the City of Jackson, its agents, servants, employees, or other representatives, in hiring and failing to properly train the Defendants, John Does 1-25.

47.

As a direct and proximate result of the above mentioned failure to train or supervise the officers involved which is causally connected to the violation of the Plaintiff's rights, and which failure to train or supervise constituted deliberate indifference to the Plaintiff's constitutional rights, the Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

## COUNT 7

48.

Plaintiff reasserts and realleges an incorporates by reference all allegation contained in the previous paragraphs a fully set forth herein.

49.

This cause of action is brought by the Plaintiff against the Defendants for excessive and unnecessary use of force.

50.

As a direct and proximate result of the excessive force in violation of the Constitution, Plaintiff suffered injuries which resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

51.

As a direct result of the excessive use of force, Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

### COUNT 8

52.

Plaintiff reasserts and realleges and incorporates by reference all allegations contained in the previous paragraphs as if fully set forth herein.

53.

This cause of action was brought by the Plaintiff against the Defendant, City of Jackson, for deprivation by its agents, servants, or employees, John Does 1-25, of constitutional rights within the meaning of 42 U.S.C. Section 1983.

54.

The above described actions of the Defendants, John Does 1-25, while agents, servants, or employees of the Defendant, the City of Jackson, subjected the Plaintiff to a deprivation of rights and privileges secured to the Plaintiff by the Constitution and laws of the United States and the State of Mississippi, including the due process clause of the fourteenth amendment to the Constitution of the United States, within the meaning of 42 U.S.C. Section 1983.

55.

That as a direct, proximate and immediate result of the unconstitutional acts of the Defendants, John Does 1-25, while acting as agents, servants or employees of the Defendant, the City of Jackson, the Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and

bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

## DAMAGES

56.

The Plaintiff reasserts and realleges and incorporates by reference all allegations contained in the previous paragraphs as if fully set forth herein.

57.

As a proximate result of the Defendants' negligence, gross negligence and willful and malicious conduct, the Plaintiff, Maryland Singleton, sustained severe physical injury, great pain and bodily injury, permanent scarring, medical bills, loss of wages, past, present and future physical pain and mental anguish as a result of said injuries and other injuries to be proven at trial.

58.

The omissions, conduct, breaches, failures, negligence, gross negligence and intentional misconduct, including but not limited to deprivation of rights secured under 42 U.S.C. § 1983 et seq. on the part of Defendants were willful, wanton, and exhibited a reckless disregard for the rights of the Plaintiff, and therefore these actions and/or omissions justify an award of punitive and/or exemplary damages, including all costs of court, attorney fees and all damages contemplated under 42 U.S.C. § 1988.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff demands judgment of and from the Defendants for all injuries proximately caused or contributed to by their negligence, recklessness, gross negligence, wantonness and other acts including all amounts contemplated under 42 U.S.C. §1983 et seq. and 42 U.S.C. § 1988 et seq. and prejudgment interest, costs of court and reasonable

attorney fees and punitive damages in an amount calculated to deter Defendants; and Plaintiff also prays for any other relief, both legal and equitable, to which the Plaintiff may be entitled.

This the 8th day of February, 2006.

                                      Maryland Singleton

                                      By: _____
                                      Derek L. Hall (MSB #10194)

Of Counsel for Plaintiff:

Derek L. Hall (MSB# 10194)
Derek L. Hall, P.A.
2660 Ridgewood Road, Suite 500
Jackson, Mississippi 39216
Tel. (601) 981-4450
Fax. (601) 981-4717

Jeanine M. Carafello (MSB# 10487)
2660 Ridgewood Road, Suite 500
Jackson, Mississippi 39216
Tel. (601) 981-4450
Fax. (601) 981-4717

Nathan Elmore (MSB #10119)
401 E. Capitol St., Suite 100M
Jackson, MS 39201
Tel: (601) 353-0054
Fax: (601) 354-2433