**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MARYLAND SINGLETON                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO.:3:06-CV-79-HTW-LRA

CITY OF JACKSON, et al.                                                              DEFENDANTS

## ORDER

Before this court are the several motions of the parties. On September 16, 2008, in the United States District Courthouse in Jackson, Mississippi, this court held a hearing on the matters and having read the memorandums of authority and heard the arguments of the parties, the court issues the following rulings:

(1)   Plaintiff's motion for default judgment as to defendant, Larry Davis [docket # 56] is denied. This court is not persuaded that the defendant in question was properly served as provided by Rule 4(c)(1) of the Federal Rules of Civil Procedure.[1]

(2)   The City of Jackson's motion to set aside the clerk's entry of default [docket # 58] is granted in accordance with Rule 55(c) of the Federal Rules of Civil

---

[1] Fed. R. Civ. P. 4(c)(1) says: A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Procedure.[2]  The City of Jackson has proffered numerous affidavits from a multitude of disinterested parties which indicate that defendant, Detention Officer Larry Davis, was never properly served as a defendant in this action.

(3) The City of Jackson's motion to dismiss for Immunity, or in the Alternative, Motion for Summary Judgment [docket # 60] is granted in part.

    A. This court grants the City's motion for summary judgment of the federal claims lodged against the City by the plaintiff.  Specifically, the court finds that plaintiff has failed in his burden under Rule 56(e)(2) of the Federal Rules of Civil Procedure[3] to set out specific facts showing a genuine issue for trial.  Plaintiff's § 1983 claim against the City cannot stand because plaintiff has not implicated any official custom or policy that led to plaintiff's injury; nor has plaintiff persuaded the court that the City had a widespread and pervasive practice of violating arrested individuals' constitutional rights within the City's Silas Brown Holding Facility. See *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690-94, 78 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611(1978).

---

[2] Fed. R. Civ. P. 55(c) says: The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

[3] Fed. R. Civ. P. 56(e)(2) says: When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or otherwise provided in this rule - set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

B.	This court further grants the City's motion to dismiss the state law claims against the City because of plaintiff's failure to adhere to the Notice of Claim requirement of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11.[4]  The evidence before the court clearly indicates that plaintiff issued his notice to file suit against the City on January 6, 2006, and filed his complaint in federal court on February 8, 2006.  The lapse in time between the notice and the filing is wholly inadequate; therefore, the plaintiff's state law claims against the City must be dismissed.

C.	The court reserves its ruling for summary judgment as to the individual defendant detention officers named in this suit.  The individual defendants are directed to reurge their motion to dismiss, or in the alternative for summary judgment within ten (10) days of this order.  Thereafter, plaintiff shall file a response; and the court will issue its ruling.

**SO ORDERED**, this the 17th day of September, 2008.

**s/ HENRY T. WINGATE**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Miss. Code Ann. § 11-46-11 says: . . . any person having a claim against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

3